UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LESHAUN BENJAMIN,

                    Plaintiff,

v.                                                Case No. 18-cv-570-pp

ALICIA SANCHEZ, *et al.*,

                    Defendants.

**ORDER SCREENING COMPLAINT (DKT. NO. 1), DENYING MOTION TO APPOINT COUNSEL (DKT. NO. 2) AND DENYING MOTION TO SUPPLEMENT CLAIMS AND ADD NEW DEFENDANTS (DKT. NO. 9)**

Plaintiff Leshaun Benjamin, a prisoner who is representing himself, filed a civil rights complaint, dkt. no. 1, a motion to supplement his claims and add new defendants, dkt. no. 9, and a motion to appoint counsel, dkt. no. 2. Although the court received the full $400 civil case filing fee from the plaintiff on April 30, 2018, the Prison Litigation Reform Act (PLRA) requires the court to screen his complaint because he was incarcerated when he filed it. 28 U.S.C. §1915A(a).

**I.    Federal Screening Standard**

The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it "is based on an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact that supports his claim; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint that offers "labels and conclusions," however, or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that: 1) someone deprived him of a right secured by the Constitution or laws of the United States; and 2) the person who deprived him of that right was acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court

2

gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## II. Screening the Plaintiff's Complaint

As noted above, Fed. R. Civ. P. 8(a)(2) states that a complaint "must contain . . . a *short* and *plain* statement of the claim showing that the pleader is entitled to relief." (Emphasis added.) There is a reason that the rule specifies a "*short and plain*" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." U.S. *ex rel.* Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). The plaintiff cannot leave the court and the defendants "to guess what claims [he] intends to assert against which defendants." Dunigan v. St. Clair Cty. Jail Med. Staff, No. 15-CV-487, 2015 WL 2455505, *2 (S.D. Ill. May 22, 2015).

In this case, the plaintiff filed a twelve-page complaint, making allegations against over a dozen defendants. Dkt. No. 1. He attached twelve pages of exhibits to the complaint. Dkt. No. 1-1. A month later, he filed a three-page motion to "supplement" the complaint and add defendants, with a five-page supplement attached to *that* supplement, and a six-page supplement attached, as well. Dkt. Nos. 9, 9-1, 9-2. In other words, he appears to have broken his motion to "supplement" to the original complaint down into three different pleadings.

3

There are several problems with the way the plaintiff has filed his claims. First, he has filed four different documents, each containing claims. It is not clear whether the plaintiff intends the court to consider all the claims in all four documents, or whether he means some documents to take the place of other documents. A plaintiff in a lawsuit can proceed on only one, official "complaint," and both the court and any defendants need to know which document is the official "complaint."

Second, and similarly, the plaintiff filed three motions asking to "supplement" the complaint. Fed. R. Civ. P. 15(d) allows a party to "supplement" a complaint to allege "any transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented." The plaintiff filed his complaint on April 11, 2018. Dkt. No. 1. The first motion to supplement asks to add an event that occurred on September 13, 2016—over a year and a half before he filed his complaint. Dkt. No. 9. The second motion to supplement asks to add an event that occurred on March 23, 2017—over a year before he filed his complaint. Dkt. No. 9-1. The third motion to supplement asks to add events that occurred on November 4-10, 2017—some five months before he filed his complaint. Dkt. No. 9-1. The plaintiff could have included all of these claims in his April 11, 2018 complaint; they are not events that occurred after the date he filed the complaint, and the court will not allow him to "supplement" the complaint with them.

Third, the original complaint sues nurses at St. Francis Hospital for failing to inventory his medicine during his admission to the hospital (he does

4

not say when this allegedly occurred); a nurse at the Mental Health Complex for calling the Sheriff's Department and reporting his behavior sometime around September 9, 2016; sheriff's deputies for unlawfully removing him from the mental health complex and booking him into the jail around that same date; prosecutors, a judge and his defense counsel for conspiring to charge him with something he says he did not do around September 13-16, 2016; and police officers and different district attorneys for bring unlawful charges against him and prosecute him on them sometime around November 1, 2017. Dkt. No. 1. The first motion to supplement asks to add a security guard at St. Wheaton's Medical Center, alleging that the security guard suppressed his property inventory report and conspired with a district attorney to hide the truth on September 13, 2016. Dkt. No. 9. The next motion to supplement asks to add a Milwaukee County court reporter, alleging that she conspired with prosecutors to make an unauthorized recording on March 23, 2017. Dkt. No. 9-1. The last motion to supplement appears to add another judge, alleging that he wrongfully found probable cause and punitively presided over a pretrial hearing, plea and sentencing on November 4-10, 2017. Dkt. No. 9-1.

Federal Rule of Civil Procedure 20(a)(2) says that a plaintiff may sue multiple defendants in a single lawsuit if the claims he asserts against them arose out of the same transaction, occurrence, or series of transactions or occurrences, and if a question of law or fact that is common to all of them will come up in the case. That is not the case here. The four documents the plaintiff has filed contain allegations of different kinds of injuries allegedly committed

by different groups of defendants at different times. The plaintiff appears to allege, for example, that nurses at St. Francis Hospital failed to inventory his medication, which "ignited the plaintiff's mental disease," dkt. no. 1 at 2; that Milwaukee County deputies conspired with mental health staff to remove the plaintiff from a complex psychiatric crisis unit, id. at 5; that a West Allis police officer and the district attorney conspired to cover up fraudulent police reports, id. at 6-7; that a hospital security guard "suppress[ed] plaintiff's property inventory report," dkt. no. 9 at 1; and that a court reporter prevented the plaintiff from obtaining certain court hearing transcripts, dkt. no. 9-1. These four documents attempt to improperly join unrelated defendants.

The documents also attempt to improperly join unrelated claims. Fed. R. Civ. P. 18(a) allows a plaintiff to "put in one complaint every claim of any kind against a single defendant," but a plaintiff may "present claim #1 against Defendant A, and claim #2 against Defendant B, only if both claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.' Rule 20(a)(1)(A)." Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012). "A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." Id. (citing George v. Smith, 507 F.3d 605 (7th Cir. 2007)).

The plaintiff in this case has done what the Seventh Circuit, and Rules 18 and 20 of the Federal Rules of Civil Procedure, state that he cannot do—collect a series of different allegations against a variety of defendants and attempt to pursue them in a single case. For this reason, the court will not

screen the plaintiff's complaint and supplements. Instead, it will require him to file a single, amended complaint. The plaintiff must list, in this single amended complaint, every defendant he wishes to sue, and he must state every claim he has against each one of those defendants. The amended complaint must comply with Fed. R. Civ. P. 8, 18 and 20. That means it must contain a "simple, concise, and direct" statement of his claims. <u>Bennett v. Schmidt,</u> 153 F.3d 516, 518 (7th Cir. 1998). The plaintiff should "avoid a rambling, incoherent complaint." <u>Ford v. Flannery,</u> No. 2-07-CV-267, 2008 WL 821686, *2 (N.D. Ind. March 26, 2008).

Most importantly, the plaintiff must elect from among his many claims those *related* claims that he wants to proceed with. Again, his amended complaint must include only those claims that arise out of the same set of circumstances and that have questions of law and fact that are common to all the defendants. In other words, if the plaintiff wants to proceed on a claim that he was unlawfully arrested, he should name only those police officers who were involved in the alleged unlawful arrest, and include only the facts about the unlawful arrest. If he also wants to proceed on a claim that sheriff's deputies unlawfully removed him from the county mental health complex, he must file a *separate* lawsuit against those deputies, and include only the facts relating to their actions.

When he files his amended complaint, the plaintiff must use the court's form (which the court is sending along with this order). He must write the word "Amended" next to the word "Complaint" at the top of the first page. He must

7

put the case number for this case—18-cv-570—on the line under the words "Case Number:." He must list every defendant (and if he doesn't know the name of a defendant, he can refer to that defendant as "John Doe" or "Jane Doe," and describe them: "John Doe sheriff's deputy," or "Jane Doe nurse."). He must include all the facts related to that claim, and those defendants, in the "statement of claim" section. The plaintiff does not need to use legal language, or citations to cases or laws. All he needs to do is explain, as simply as possible, what each person did to him, and why he believes that person violated his rights.

The court notes that the bottom of the first page of the plaintiff's complaint contains the notation: "L.D. Jail House Lawyer is assisting Mr. Benjamin for limited purpose." Dkt. No. 1 at 1. The court suspects that "L.D." are the initials of Laponzo Dallas, a frequent filer both in this district and the Western District of Wisconsin who has distinct handwriting, and who also has been incarcerated at the Milwaukee County Jail. Not only has Mr. Dallas "struck out" under 28 U.S.C. §1915(g) for filing many more than three cases that were dismissed for being frivolous or malicious or for failing to state a claim, but, in 2001, the Seventh Circuit ordered the clerks in this circuit to "return, unfiled, any papers Dallas tenders in any civil litigation . . . ." Dallas v. Gamble, 2 Fed. App'x. 563 (7th Cir. 2001).

The plaintiff may no longer be in custody, and so this issue may not be relevant any longer. If, however, the plaintiff remains in custody, or finds himself in custody again, the court wants him to be aware that Mr. Dallas may

8

not be the best person to assist him. At this early stage of the case, all the plaintiff has to do is tell the court—in simple, plain language—what people did to violate his constitutional rights. He doesn't need to support his allegations with legal citations or arguments. He doesn't need to identify which amendment the defendants violated. He just needs to answer the questions: who, what, where, when and how. The court believes that it may be better for the plaintiff to try and do this first step on his own, without the influence or help of others. The plaintiff is the best person to tell the court his own story.

**III.    The Plaintiff's Motion to Appoint Counsel (Dkt. No. 2)**

The plaintiff also filed a motion asking the court to recruit counsel to represent him. Dkt. No. 2. In a civil case, the court has the discretion to recruit a lawyer for individuals who are unable to afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). First, the plaintiff must make reasonable efforts to hire a lawyer on his own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). Generally, in this district, a plaintiff must contact at least three lawyers in an effort to find a lawyer without the court's help. He must then provide the court with the names of the lawyers he contacted as well as the dates he contacted them and copies of any letters they sent to the plaintiff in response to his request for representation.

After the plaintiff demonstrates that he has made those efforts, the court will decide "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it."

Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). The court looks, not only at a plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id. "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

Because the plaintiff has not demonstrated that he has tried to find a lawyer on his own, he hasn't satisfied the first Pruitt requirement. Accordingly, the court will deny his motion. But even if the plaintiff had shown that he had tried to hire a lawyer, the court still would deny the plaintiff's motion right now. Again, all the plaintiff needs to do is to tell the court what he believes the defendants did or did not do to violate his constitutional rights. He can do that without the help of a lawyer.

## IV. Conclusion

The court **DENIES without prejudice** the plaintiff's motion to appoint counsel. Dkt. No. 2.

The court **DENIES** the plaintiff's motion to supplement his claims and add new defendants. Dkt. No. 9.

The court **ORDERS** that, if the plaintiff wants to proceed with this case, he must file an amended complaint that complies with the instructions in this decision. The plaintiff shall file the amended complaint in time for the court to

receive it by the end of the day on **Friday, October 19, 2018**. If the plaintiff does not want to proceed with this case, he does not have to do anything else, or file anything. If the court does not receive an amended complaint from the plaintiff by the end of the day on **Friday, October 19, 2018**, the court will conclude that the plaintiff no longer wants to pursue this case and will dismiss it without prejudice based on the plaintiff's failure to diligently prosecute it. See Civ. L.R. 41(c).

The court **ORDERS** the plaintiff to mail all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of

court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin, this 12th day of September, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**