# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LESHAUN BENJAMIN**,

    Plaintiff,

v.                                                                                   **Case No. 18-CV-570**

**ALICIA SANCHEZ**,

    Defendant.

## ORDER

Plaintiff Leshaun Benjamin, who is representing himself in this lawsuit under 42 U.S.C. § 1983, for the second time moves for appointment of counsel. (ECF No. 25.) Chief District Judge Pamela Pepper denied Benjamin's first motion for appointment of counsel. (ECF No. 11.) Judge Pepper noted that the court must consider two factors in deciding whether to exercise its discretion to recruit counsel: (1) whether Benjamin made a reasonable attempt to obtain counsel on his own, and (2) whether Benjamin is able to litigate the case himself, based on its complexity and difficulty. (ECF No. 11 at 9–10 (citing *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007)), and *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013))).

Benjamin attaches letters from five attorneys or firms who declined to represent him. (ECF No. 25-1.) He therefore satisfies the first *Pruitt* element. As to the second element, he states that he cannot afford counsel, his case involves complex issues, he is incarcerated, he has little knowledge of civil law, and he struggles with

mental illness. (ECF No. 25.) Unfortunately, these concerns are not unique to this plaintiff or this case. And there simply are not enough lawyers available and willing to volunteer for every similar case. *See Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014).

I also recognize that Benjamin prepared this motion with the assistance of another inmate, who he mentions in his motion. (ECF No. 25, ¶4.) It appears that inmate may have assisted him in preparing his amended complaint, though the complaint does not specify. Benjamin notes that he "will no longer be around" the other inmate to receive his assistance. (*Id.*) For that reason, it may be appropriate to revisit Benjamin's request for assistance of counsel as this case proceeds. But this case is still in the early stages of the proceedings, and the defendant has not yet been served. As the case progresses, the legal and factual issues may become too complex for Benjamin, his circumstances may change, or he may find himself unable to obtain the information he believes he needs to prove his claims. Should that occur, it may be appropriate to recruit counsel to represent the plaintiff. At this time, however, I will **DENY** Benjamin's motion.

Benjamin also requests to proceed *in forma pauperis*. (ECF No. 23.) On April 30, 2018, Benjamin paid the full $400 civil filing fee. There are no other fees he must pay at this time. His motion is therefore moot, and I will **DENY** it as such.

**THEREFORE, IT IS ORDERED** that Benjamin's motion to appoint counsel (ECF No. 25) is **DENIED without prejudice**. His motion to proceed *in forma pauperis* (ECF No. 23) is **DENIED as moot**.

Dated in Milwaukee, Wisconsin this 23rd day of July, 2020.

BY THE COURT:

s/*Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

3
Case 2:18-cv-00570-PP-NJ   Filed 07/23/20   Page 3 of 3   Document 26