UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LESHAUN BENJAMIN,

                        Plaintiff,

        v.                                              Case No. 18-cv-570-pp

ALICIA SANCHEZ,

                        Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT (DKT. NO. 81)**

---

On November 21, 2022, the court received plaintiff LeShaun Benjamin's motion for leave to amend his complaint and a proposed third amended complaint. Dkt. No. 81. The court will deny the plaintiff's motion for leave to file the third amended complaint and deny his request to proceed on the proposed third amended complaint.

## I.    Procedural Background

The plaintiff began this case on April 7, 2018, when he filed a *pro se* complaint under 42 U.S.C. §1983. Dkt. No. 1. On May 10, 2018, he moved to amend and/or supplement the complaint. Dkt. No. 9. The court denied the motion but gave him a deadline of October 19, 2018 by which to file an amended complaint. Dkt. No. 11. That order was returned to the court as undeliverable, dkt. no. 12, but the plaintiff provided a new address to which the court forwarded the order, dkt. No. 13. The court twice extended the plaintiff's deadline to file an amended complaint, dkt. nos. 15, 17; and on January 23, 2019, the court received the amended complaint. Dkt. No. 18. The

1

court screened the amended complaint and ordered service on the only defendant, Alicia Sanchez. Dkt. No. 21.

The parties filed several motions over the next year and a half; the only one of relevance here is the plaintiff's motion asking the court to recruit counsel, dkt. no. 54, which the court granted during a status conference on May 12, 2021, dkt. no. 60. On December 8, 2021, the court issued an order noting that Attorney James Santelle had agreed to represent the plaintiff. Dkt. No. 63. Attorney Santelle filed his notice of appearance on January 24, 2022. Dkt. No. 68. On February 10, 2022, the court held a status conference with the parties; this was the first time Attorney Santelle appeared on behalf of the plaintiff. Dkt. No. 71. The plaintiff's counsel informed the court that he had spoken with the plaintiff but had not yet reviewed the discovery. Id. at 1. Defense counsel agreed to provide the plaintiff's counsel all discovery materials. Id. at 2. The court gave the parties additional time to exchange discovery and familiarize themselves with the case. Id.

On March 30, 2022, the court held another status conference. Dkt. No. 73. The plaintiff's counsel informed the court "that he had received and reviewed all the discovery," and he asked the court to set deadlines for completing discovery and filing amended pleadings. Id. at 1. The court ordered the parties to complete discovery by August 31, 2022, and ordered that if the plaintiff wanted to file an amended pleading, he must do so by September 30, 2022. Id. The September 30, 2022 deadline passed, and the plaintiff did not file an amended pleading or ask for additional time to do so.

On October 12, 2022, the court held another status conference. Dkt. No. 75. The plaintiff's counsel informed the court "that he had drafted an amended complaint" and "that he would be ready to file the amended complaint in a

week or two." Id. at 1. He told the court "that the amended complaint would clarify the parties in the case and the claims." Id. The court imposed a deadline of October 24, 2022 by which the plaintiff must file a motion for leave to file an amended complaint and a proposed second amended complaint. Id. at 1–2. The court explained that the motion for leave to amend was necessary "because the deadline to file amended pleadings had passed." Id. at 1.

At the October 24, 2022 deadline, the court received from the plaintiff his motion for leave to amend the complaint and the proposed second amended complaint. The proposed second amended complaint added four new defendants—the Milwaukee County Department of Health and Human Services, Behavioral Health Services Division (MHHS); Steven Bradford; Margie Burton and Dr. Larry Sprung. Dkt. Nos. 76, 76-1. The defendant opposed the motion for leave to amend. Dkt. No. 77. The court held a status conference on November 10, 2022 to discuss the motion. Dkt. No. 80. The court noted that the proposed second amended complaint "named four new defendants and sued all the defendants in their official capacities." Id. at 1. The court explained that it would construe the new claims against the new defendants in their official capacities as if the plaintiff had alleged those claims against Milwaukee County, but concluded that the proposed second amended complaint failed to state a claim against Milwaukee County because it did not "establish that there was an official policy or procedure that was the cause of [the plaintiff's] constitutional injury." Id. The court denied the plaintiff's motion for leave to file the proposed second amended complaint. Id. But the court gave the plaintiff "a final opportunity to seek leave to file a third amended complaint." Id. at 1–2. The court ordered that if the plaintiff wanted to take advantage of that opportunity, by November 21, 2022 he must file a motion for leave to file a

third amended complaint. Id. at 2. It ordered the defendant to file her opposition by December 2, 2022, and ordered that if the plaintiff chose to file a reply, he must do so by December 9, 2022. Id.

At the November 21, 2022 deadline, the court received from the plaintiff a motion for leave to file an amended complaint and a proposed third amended complaint. Dkt. Nos. 81, 81-1. On December 2, 2022, the defendant filed a brief in opposition, dkt. no. 82, and the plaintiff filed his reply on December 9, 2022, dkt. no. 83.

## II.    Motion for Leave to File a Third Amended Complaint (Dkt. No. 81)

Federal Rule of Civil Procedure 15 states that "[a] party may amend its pleading once as a matter of course within" twenty-one days of service or within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). The plaintiff's twenty-one days to amend "as a matter of course"— without the court's permission—expired in the summer of 2020, when the defendant filed her answer. Rule 15(a)(2) allows a party to amend "only with the opposing party's written consent or the court's leave." The rule instructs courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). District courts have the discretion to allow amendment and may deny the request because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962).

### A.    The Proposed Third Amended Complaint (Dkt. No. 81-1)

The third amended complaint names four defendants, one of whom is the original defendant (Sanchez) and three of whom are the same individuals the plaintiff sought to add in the second amended complaint: Bradford, Burton and

4

Sprung. Dkt. No. 81-1 at 1. It alleges that the defendants worked at and for the MHHS at all relevant times. Id. at 2. The third amended complaint names the defendants "in their personal capacities for their actions undertaken and pursued under color of law." Id.

The third amended complaint alleges that on September 9, 2016, the plaintiff was in custody at the MHHS "in an official status of involuntary emergency detention, based upon his conduct and behavior prior to his arrival and throughout his presence at that medical and health care facility." Id. at 3. It alleges that the defendants "conducted initial, subsequent, and continuing visual assessments and physical evaluations of the emotional, psychiatric, and mental condition of the Plaintiff." Id. It alleges that the defendants performed these assessments and evaluations "[p]ursuant to the psychiatric crisis services protocols and practices of that medical and health care facility." Id.

The third amended complaint alleges that based on the assessments, Dr. Sprung directed unspecified MHHS security staff to move the plaintiff from the general patient population "to an adjacent seclusion room." Id. Security staff moved the plaintiff to the seclusion room and placed him in restraints and on a bed. Id. The plaintiff alleges that he "was completely calm, fully cooperative, and unconditionally compliant with the security staff and with the Defendants." Id. Staff wanted to inject the plaintiff with a psychiatric medicine called Geodon, but the plaintiff told the defendants he is allergic to that medication. Id. at 3–4. Sprung changed the order for the administration of medication to Haldol and Benadryl. Id. at 4. Given that order and directive, Bradford "physically administered intravenous injections of the psychiatric medicines Haldol and Benadryl to the Plaintiff." Id. The third amended complaint alleges that Bradford completed the injection "in the presence and

with the involvement of Defendants Margie Burton and Alicia Sanchez, among others." Id.

The plaintiff alleges that he did not consent to the administration of Geodon, Haldol or Benadryl. Id. The third amended complaint alleges that, before the injection, the plaintiff "plainly and unconditionally stated, expressed, and otherwise made clear and unmistakable his objection and opposition to the administrations of any psychiatric medicines." Id. It alleges that the injection of the medication was "medically unwarranted and diagnostically unjustified" and that the defendants "were fully aware and completely informed" that the plaintiff objected to the injection. Id. The plaintiff allegedly "suffered severe physical reactions and irritating systemic responses in the nature of headache and body aches, pain and constriction of joints, limb soreness and discomfort, and other, similarly unpleasant, troublesome, and harsh ailments, sicknesses, and disorders." Id. at 5. Shortly after, members of the Milwaukee County Sheriff's Office arrested the plaintiff and took him into their custody; he was later charged in state court with disorderly conduct. Id.

The third amended complaint asserts that the defendants administered Haldol and Benadryl without the plaintiff's consent and "absent adequate or sufficient medical justification and diagnostic support." Id. It claims that the defendants violated the plaintiff's right "to be free of intrusions into his physical body and interferences with his lawful discretion to make decisions about his medical health, care, and treatment" under the Fourteenth Amendment. Id. The plaintiff seeks judgment in his favor and compensatory damages. Id. at 6.

B.     The Parties' Positions

1.     *The Plaintiff (Dkt. No. 81)*

The plaintiff asserts that the third amended complaint is based on the same "long-standing, core series of facts and circumstances related to his presence at the MMCH on September 9, 2016." Dkt. No. 81 at 9. He contends that the third amended complaint provides "a detailed rendition of his account of his engagements and interactions with members of the medical staff of that medical and health care facility." Id. The plaintiff reiterates that the third amended complaint's biggest change is the addition of the three new defendants, whom he alleges "acted in their personal capacities under color of law in the collaborative decision to administer and the actual administration of intravenous psychiatric medicines." Id.

The plaintiff says he identified the additional defendants through "the conduct, exchange, and pursuit of pretrial discovery, both documentary and oral, both before and since the time of the appointment of counsel." Id. He asserts that adding the new defendants "accomplishes *no* material redirection or expansion of the seminal facts and circumstances upon which this civil litigation has proceeded to date and, to that end, seeks the same relief in the form of monetary damages allegedly incurred through violations of the civil rights provisions and concepts as he has invoked them previously." Id.

The plaintiff asserts that the third amended complaint relates back to the original complaint under Rule 15(c) because it "asserts a claim or defense that [arises] out of the conduct, transaction, or occurrence set out—*or attempted to be set out*—in the original pleading." Id. at 10 (internal quotations omitted; emphasis in original). The plaintiff concedes that his efforts to amend the complaint have been delayed or deficient, and he admits that the newly named

defendants "may suffer from some measure of prejudice in that delay." Id. But he attributes the delay to the plaintiff's previous self-represented status, rather than to "bad faith or dilatory motive." Id. (quoting Fed. R. Civ. P. 15(a)).

The plaintiff alternatively contends that his failure to identify the three new defendants earlier "is, in fact, the product of the very type of 'mistake' that Subsection (c) of the Rule contemplates." Id. at 11. The plaintiff notes that in his 2020 deposition, he revealed that he "was much aware of and communicatively engaged with all of the medical staff he has now identified by their names in his amended pleading." Id. He says that discovery and defendant Sanchez's deposition further "revealed and memorialized" their involvement in the events of September 9, 2016. Id. The plaintiff contends that he did not "lack[] knowledge of the proper defendants" but instead "made 'a deliberate but mistaken choice'" about who to sue. Id. (quoting Krupski v. Costa Crociere S.p.A, 560 U.S. 538 (2010)). He explains that this "mistake" is why he identified Sanchez, but not Bradford, as "the person who actually injected him with the psychiatric medicines." Id. The plaintiff says the third amended complaint "embodies not a 'new action' but one already in existence—seeking remedial relief on precisely the same causes of action as set forth in the very first complaint," so the court should toll the six-year statute of limitations. Id. at 12 (citing Wis. Stat. §893.13(2)).

2. *The Defendant (Dkt. No. 82)*

The defendant opposes the plaintiff's motion. Dkt. No. 82. The defendant asserts that "the statute of limitations has already elapsed as to th[e new] defendants making any amendment of the Complaint futile." Id. at 1. She refers the court to her response to the plaintiff's previous motion for leave to amend the complaint, Dkt. No. 77. Id. The previous response asserted that the

plaintiff's proposed second amended complaint, which he filed on October 24, 2022, was filed more than six years after the alleged incident date of September 9, 2016 and thus arguably was untimely filed. Dkt. No. 77 at 4. The defendant noted that the plaintiff might try to argue for tolling of the statute of limitations under Wis. Stat. §893.13(2). Id. The defendant agreed that the plaintiff's "claims in his amended complaint arise out of the same incident described in original complaint." Id. at 5. But the defendant asserted that §893.13(2) applies "only to an action already in existence, not a 'subsequently filed new action arising out of the same transaction as a previous case but seeking relief on different causes of action.'" Id. (quoting Dasko v. Kendziorski, 568 N.W.2d 321 (Table), 1997 WL 52993, at *1 (Wis. Ct. App. Feb. 11, 1997)). The defendant contended that any claims in the third amended complaint that the plaintiff "brings against new Defendants who were not named in Plaintiffs' prior suit are new causes of action," so they are not entitled to tolling. Id.

The defendant also asserted that the claims against the new defendants cannot relate back to the original complaint under Federal Rule of Civil Procedure 15. Id. The defendant contended that relation back is permitted only when "'the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant.'" Id. at 6 (quoting Joseph v. Elan Motorsports Techs. Racing Corp., 638 F.3d 555, 559–60 (7th Cir. 2011)). The defendant contended that this provision does not apply when the plaintiff sues John Doe defendants or "when the plaintiff 'simply lacks knowledge of the proper defendant.'" Id. (quoting Hall v. Norfolk S. Ry. Co., 469 F.3d 590, 596 (7th Cir. 2006)). The defendant asserted that the plaintiff's failure to name the new defendants before the statute of limitations

elapsed "was not a mistake in their identities but rather his not knowing that those defendants allegedly harmed him. Consequently, those claims do not relate back and are time barred." Id. at 7.

The defendant adds in her latest response that the plaintiff concedes both he and/or his recruited counsel "had access to, and w[ere] in possession of his own medical records since shortly after he filed this suit," and those records identified the proposed new defendants. Dkt. No. 82 at 2. The defendant asserts that that knowledge undermines the plaintiff's position that his "choice not to name them in the suit, even if they were aware of such a suit, was because he made some mistake as to their identity or the role that they played in his care." Id. The defendant asserts that it would unfairly prejudice the new defendants if the court were to excuse the plaintiff's failure to name them earlier and allow him to proceed on the third amended complaint. Id. at 3.

The defendant argues that the court also should deny the motion for leave to amend because the amendment would be futile. Id. The defendant says the facts pleaded in the third amended complaint "show no active role by the proposed new defendants in any deprivation of [the plaintiff's] constitutional rights." Id. She characterizes the third amended complaint as alleging that Bradford, not Sanchez, injected the plaintiff with the medication against his will, and asserts that "[a]t best, [the plaintiff] might state a claim against Bradford but not against any of the other proposed defendants, including Sanchez." Id. She contends that the other new defendants were merely "present" but alleges "no facts" about their actions that violated the plaintiff's constitutional rights. Id.

### III. Analysis

####    A.    Timeliness and Tolling Under State Law

The relevant statute of limitation for cases brought under §1983 is "the statute of limitations for personal injuries supplied by the state in which the claim arose." Huber v. Anderson, 909 F.3d 201, 207 (7th Cir. 2018) (citing Wallace v. Kato, 549 U.S. 384, 387 (2007)). The limitation period for §1983 actions arising in Wisconsin before 2018 is six years. Id. (citing Wis. Stat. §893.54 (2016)). Both the original complaint and the third amended complaint identify September 9, 2016 as the date on which the events that led to this case occurred. Dkt. No. 1 at 4; Dkt. No. 81-1 at 2. That means the plaintiff had six years—until September 9, 2022—to file a lawsuit against the defendants for allegedly forcibly medicating him on September 9, 2016.

In addition to limitation periods, "federal courts must also apply a forum state's applicable tolling rules for purposes of Section 1983." Holifield v. Rivamonte, No. 22-cv-0742-BHL, 2022 WL 2713697, at *1 (E.D. Wis. July 13, 2022) (citing Milchtein v. Anderson, No. 19-cv-1834-JPS, 2020 WL 6287702, at *10 (E.D. Wis. Oct. 27, 2020)). Under Wisconsin law, the limitation period "for commencement of an action is tolled by the commencement of the action to enforce the cause of action to which the period of limitation applies." Wis. Stat. §893.13(2). The limitation period remains tolled "until the final disposition of the action" plus an additional thirty days. Id. §§893.13(1)–(3); see Holifield, 2022 WL 2713697, at *1 ("[A]t the very least, when a plaintiff commences a Section 1983 case in federal court, [the applicable] limitation period is tolled for the length of the action plus 30 days.").

But there is a caveat to those tolling rules. Under Wis. Stat. §893.02, "an action is commenced, within the meaning of any provision of law which limits

the time for the commencement of an action, as to each defendant, when the summons naming the defendant and the complaint are filed with the court." This means that under Wis. Stat. §893.13, the six-year limitation period of §893.54 is tolled "only as to the defendants who were actually defendants in the" pending suit because they are the only defendants against whom the plaintiff "commenced" a lawsuit. Hewitt v. Nygen, No. 16-cv-1481-LA, 2018 WL 2100303, at *2 (E.D. Wis. May 7, 2018).

The original complaint names as defendants Sanchez, Jane and John Doe Nurses at St. Francis Hospital (not at MHHS), known and unknown Milwaukee County Sheriff's Deputies, various attorneys, a state court judge and others. Dkt. No. 1 at 1. Defendants Bradford, Burton and Sprung are not named as defendants in the original complaint. The original complaint mentions Bradford in a passing allegation but does not name him as a defendant. The complaint alleges that Milwaukee County Sheriff's Deputies "met with 'Steven (Bradford)', another registered nurse. He reported that he 'overheard [the plaintiff] tell someone over the (phone) that he planned to buy a[n] AK47 and come back and shoot this place up." Dkt. No. 1 at 4. The complaint alleges that the plaintiff "was ultimately given an 'intramuscular injection in an effort to (calm) Him down. He was physically restrained. 'Sheriff Deputies' ultimately intervened' and (transported) him to the Jail." Id. The complaint does not identify who injected the plaintiff and provides no other details about the injection.

Because the original complaint does not name any of the three new defendants named in the third amended complaint, the limitation period for the claims against those defendants elapsed on September 9, 2022. The limitation period was not tolled under Wis. Stat. §893.13 "because the plaintiff did not

'commence' an action against the individuals who were not defendants in the [original complaint], and thus he c[an]not use the tolling statute to save his claims against those defendants." <u>Hewitt</u>, 2018 WL 2100303, at *2 (internal citation omitted). That means the third amended complaint is timely only against the defendants named in the original complaint. Of the defendants named in the original complaint, only Sanchez is named in the third amended complaint. The third amended complaint is untimely as to any allegations against defendants Bradford, Burton and Sprung.

B.    <u>Relation Back Under Fed. R. Civ. P. 15(c)</u>

The plaintiff asserts that even if he did not file the third amended complaint within the six-year limitation period, the third amended complaint relates back to the original complaint. Federal Rule of Civil Procedure 15(c) provides that, "An amendment to a pleading relates back to the date of the original pleading" in one of three circumstances. Fed. R. Civ. P. 15(c)(1). The relevant circumstance is listed in Rule 15(c)(1)(C), which provides for relation back when a proposed amendment "changes the party or the naming of the party against whom a claim is asserted." Under that rule,

> an amendment to a pleading that "changes the party or the naming of the party against whom a claim is asserted" relates back to the date of the original pleading so long as: (1) the amendment asserts a claim or defense arising out of the same conduct, transaction, or occurrence as the original complaint; (2) "within the period provided by Rule 4(m)," the party added by amendment "received such notice of the action that it will not be prejudiced in defending on the merits"; and (3) the added party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

<u>Herrera v. Cleveland</u>, 8 F.4th 493, 496 (7th Cir. 2021) (quoting Fed. R. Civ. P. 15(c)(1)(C) (emphasis omitted)). The parties agree that the third amended complaint arises from the same "conduct, transaction, or occurrence" as the

original complaint. The question is whether the three additional defendants in the third amended complaint had adequate notice of this lawsuit and whether they "knew or should have known that the action would have been brought against [them], but for a mistake" about their identity.

The court finds no basis to conclude that any defendant besides Sanchez had notice of this lawsuit. It is undisputed no other defendant ever was served with the complaint or the amended complaint; only Sanchez was served with the amended complaint in July 2020. The plaintiff concedes that the new defendants would be prejudiced if the court allowed him to proceed on the third amended complaint. Dkt. No. 81 at 10; Dkt. No. 83 at 2–3. The other MHHS defendants may remember the events of September 9, 2016, but there is no indication that any of them knew or should have known of this lawsuit or that they could or should have been named as a defendant merely because Sanchez was named as a defendant, when the plaintiff filed his complaint nearly two years after that incident.

Nor is there a basis to conclude that the other defendants knew or should have known that they would have been defendants in this case but for the plaintiff's mistake in identifying them. The Seventh Circuit has clarified "that Rule 15(c)'s 'mistake' clause does not apply when the plaintiff 'simply lacks knowledge of the proper defendant.'" Herrera, 8 F.4th at 496–97 (quoting Hall, 469 F.3d at 596). That court explained that "'[a] plaintiff's ignorance or misunderstanding about who is liable for his injury' does not satisfy Rule 15(c)'s mistake requirement." Id. at 497 (quoting Hall, 496 F.3d at 596). This same reasoning applies where a complaint names as a defendant an unknown, John Doe party. Id. (quoting Hall, 496 F.3d at 596) ("[A] plaintiff naming a John Doe defendant 'because he does not know who harmed him' is not a mistake

under Rule 15(c).”). The Seventh Circuit noted that recent Supreme Court precedent had cast doubt over that conclusion, id. at 497–98 (discussing Krupski, 560 U.S. 538); but the court of appeals reaffirmed in Herrera “that naming a John Doe defendant does not constitute a ‘mistake’ within the meaning of Rule 15(c)(1)(C)(ii).” Herrera, 8 F.4th at 498. The court instead concluded that “suing a John Doe defendant is a conscious choice, not an inadvertent error.” Id. at 499 (quoting Winzer v. Kaufman Cty., 916 F.3d 464, 471 (5th Cir. 2019) (affirming a grant of summary judgment on statute of limitations grounds because “[f]ailing to identify individual defendants cannot be characterized as a mistake”)).

Another court in this district recently confronted this issue in a similar case, where a plaintiff brought a §1983 case against defendants whose identities he did not know. Domzil v. Jeuck, No. 20-CV-1747-BHL, 2021 WL 5866703, at *1 (E.D. Wis. Dec. 10, 2021). The plaintiff's injury occurred on November 21, 2017 and he filed his complaint on November 22, 2020. Id. The complaint named numerous John and Jane Does, but on April 16, 2021, the plaintiff amended his complaint to identify five persons who were responsible for his injury. Id. The court found that the amended complaint identifying the Doe defendants “does not relate back to the original pleading under Fed. R. Civ. P. 15(c) because it is not a ‘mistake.’” Id. (citing Herrera, 8 F.4th at 498–99). The court granted the defendants’ motion for judgment on the pleadings and dismissed the defendants identified in the amended complaint because the amended complaint was filed beyond the applicable three-year statute of limitations. Id.

Here, the plaintiff was required to identify the defendants he wanted to sue by September 9, 2022. The only MHHS defendant he identified by that

deadline was Sanchez. The plaintiff did not name any other MHHS defendant in his original or first amended complaint and did not sue any John or Jane Doe defendants who worked at MHHS. The plaintiff mentioned Bradford in the original complaint but did not name Bradford as a defendant or allege any misconduct by Bradford. Even if he had, the court never ordered service of the original complaint on any defendant. The court ordered service only of the plaintiff's first amended complaint, dkt. no. 21, and it ordered service only on Sanchez because she is the only defendant named in the amended complaint. The first amended complaint does not identify or mention any other person by name or as a John or Jane Doe defendant. That reflects either a conscious choice by the plaintiff to sue only Sanchez or a failure to identify who else might be liable to him. Neither of those situations constitutes a "mistake" under Rule 15(c). See Herrera, 8 F.4th at 496–97; Hall, 469 F.3d at 596; Winzer, 916 F.3d at 471.

The plaintiff argues that his misnaming of Sanchez as the only defendant in his amended complaint was a "mistake" under Rule 15. But as explained above, the plaintiff mentioned Bradford in his original complaint, which shows that he knew that other persons were involved in the September 9, 2016 incident and failed to name them (even as John Does) in his amended complaint. The plaintiff also had access to his medical records for years before the statute of limitations lapsed. The defendant says that those "records outlined the proposed new defendants' participation in his care," so the plaintiff could have identified them much earlier in this litigation. Dkt. No. 82 at 2. Even if the defendants were not identified by name in the records, the plaintiff could have filed an amended complaint naming John or Jane Doe defendants against whom he wanted to proceed, like he did in his original

complaint.[1] The plaintiff gives no reason why he could not have examined his records and filed a timely second amended complaint naming the additional defendants, either by name or with a Doe placeholder, between either August 19, 2020 (when the parties began discovery) or March 30, 2022 (by which time plaintiff's counsel says he had reviewed all pretrial discovery) and when the statute of limitations elapsed on September 9, 2022. Rather than making a mistake about who he wanted to sue, the plaintiff failed to file a second or third amended complaint naming them in time.[2]

The plaintiff alternatively points to his previous self-represented status to explain his failure to identify the proper defendants within the six-year limitation period. But the plaintiff was represented by counsel for nearly ten months before the September 9, 2022 filing deadline elapsed. The court recruited counsel on December 8, 2021, the plaintiff agreed to counsel's representation five days later and counsel filed his notice of appearance on January 24, 2022. Dkt. Nos. 63, 64, 68. The plaintiff's counsel told the court during the March 30, 2022 status conference that he had reviewed the discovery materials and asked for time to conduct additional discovery and file amended pleadings. Dkt. No. 73. The court gave the parties a deadline of August 31, 2022 by which to complete discovery plus an additional month for the plaintiff to file an amended pleading. Id. at 1. That means the plaintiff had

---

[1] The plaintiff still would have had to identify those Doe defendants by September 9, 2022. Herrera, 8 F.4th at 499.

[2] On August 24, 2020, the plaintiff moved to amend his complaint again because he "determined" that the amended complaint was "lacking detail." Dkt. No. 31. But the proposed second amended complaint still named only Sanchez as the defendant. Dkt. No. 31-1. Magistrate Judge Nancy Joseph, to whom the court had referred the case for pretrial management, denied the plaintiff's motion. Dkt. No. 32.

the assistance of counsel in conducting additional discovery and preparing an amended pleading for over five months before the statute of limitations elapsed—from March 30, 2022 through September 9, 2022. The plaintiff did not file an amended pleading and did not request additional time to do so until the October 12, 2022 status conference, during which the plaintiff's counsel told the court that he "he had drafted an amended complaint" that he would file "in a week or two." Dkt. No. 75. Counsel has not explained why he did not file, and could not have filed, the amended complaint by September 9, 2022.

The plaintiff's proposed amendment would be proper only against defendant Sanchez because she is the only defendant whom the plaintiff timely sued and who knew or should have known about this lawsuit within the six-year statute of limitations. The court must determine whether to allow the amendment against Sanchez and whether to allow the plaintiff to proceed on the third amended complaint, rather than on the first amended complaint.

    C.   <u>Amendment Under Rule 15(a)</u>

Rule 15(a) provides that a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But as the court noted above, it may deny a request to amend a pleading for several reasons, including "undue delay . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." <u>Foman</u>, 371 U.S. at 182.

The court finds that allowing the plaintiff to amend and proceed on the third amended complaint would be futile because it fails to state a plausible claim against Sanchez. The third amended complaint alleges that Dr. Sprung ordered the injection of Haldol and Benadryl into the plaintiff, that Bradford injected those medications into the plaintiff following Sprung's order and then

18

performed the injection on the plaintiff "in the presence and with the involvement of" Burton and Sanchez. Dkt. No. 81-1 at 4. That is the only allegation tying Sanchez to the allegedly unlawful injection that forms the basis of the plaintiff's Fourteenth Amendment claim. But an allegation that Sanchez was present and somehow involved in the forced medication, without any detail or elaboration, does not state a plausible claim for relief against her. At most, this allegation suggests that Sanchez possibly assisted in some way that could have violated the plaintiff's rights. But it fails to allege what her specific involvement was. Did she hold the plaintiff still? Did she prepare the injection site or needle? Did she fail to take a reasonable opportunity to prevent the forced medication? The third amended complaint does not say.

The third amended complaint also alleges that all four defendants, and other unnamed "medical or health care providers, conducted initial, subsequent, and continuing visual assessments and physical evaluations of the emotional, psychiatric, and mental condition of the Plaintiff . . . [p]ursuant to the psychiatric crisis services protocols and practices of that medical and health care facility." Dkt. No. 81-1 at 3. The plaintiff suggests that that allegation of a "collaborative" effort between the defendants is sufficient to state a claim against Sanchez. Dkt. No. 83 at 4. It is not. Conducting "visual assessments" of the plaintiff as part of his treatment at a health care facility did not violate his rights. Failing to conduct proper assessments might be a basis for relief, but that is not what the third amended complaint alleges. This vague allegation that the defendants collectively "engaged in certain acts [that] deprived [the plaintiff] of his constitutional rights . . . does not adequately connect specific defendants to illegal acts" sufficient to state a plausible claim

against any individual defendant. <u>Brooks v. Ross</u>, 578 F.3d 574, 580 (7th Cir. 2009).

To proceed beyond screening, the proposed amended complaint must allege enough to state a plausible—not just possible—claim for relief. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009). Because counsel prepared and filed the third amended complaint, the court is not required to liberally construe the third amended complaint as it must when an unrepresented plaintiff prepares and files a pleading. <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 90 (2007) (citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 104–105 (1976)). Alleging that Sanchez was "present and involved" does not provide enough detail about her specific and personal involvement in the alleged violation of the plaintiff's rights to state a plausible claim. The third amended complaint alleges less against Sanchez than the amended complaint, which alleges that Sanchez was the person who injected the plaintiff with the medication. Dkt. No. 18 at 2–3.

Allowing the plaintiff to proceed on the third amended complaint would unduly prejudice the new defendants, whom the plaintiff could have added months earlier. The plaintiff also has repeatedly failed to cure the deficiencies in his complaint and name all proposed defendants, despite the court giving him opportunities to do so. The plaintiff's first amended complaint was timely, but it named only Sanchez as a defendant. That amended complaint does not allege any other defendants' involvement in the events from September 9, 2016. The plaintiff filed a proposed second amended complaint on his own, but the court denied it as unnecessary and improper. Dkt. No. 32. The court then gave the plaintiff—this time represented by counsel—a deadline of September 30, 2022 by which to file a proposed second amended complaint. He did not file one until October 24, 2022—after the court again extended his deadline to file

it—and the proposed second amended complaint did not state a proper claim against any defendant, timely or otherwise.

The court concludes that it would not be proper to allow the plaintiff to proceed on the third amended complaint. The court will deny his motion for leave to amend.

## IV. **Final Comment**

On April 17, 2023, the court received a letter from the plaintiff himself, expressing concern that his appointed counsel did not want the plaintiff to communicate directly with the court (either by visiting or by writing). Dkt. No. 84. The plaintiff indicated that he believed his counsel's conduct was suspicious and indicated that he wanted to make the court aware of his concerns.

To the extent that the plaintiff's lawyer has cautioned the plaintiff not to communicate directly with the court, he is simply advising the plaintiff of what the law in this circuit says. The Seventh Circuit Court of Appeals—whose decision this district court *must* follow—has held that a person who is represented by a lawyer "relinquishes the right to file his own *pro se* submissions." United States v. Khatib, 606 F. App'x 845, 847 (7th Cir. 2015) (citing United States v. Williams, 495 F.3d 810, 813 (7th Cir. 2007)). See also, United States v. Mosley, 353 F. App'x 49, 52 (7th Cir. 2009) (a person represented by counsel "does not have the right to file his own pro se submissions").

The plaintiff began asking this court to appoint him a lawyer at the time he filed the case back in April 2018. He asked more than once. More than once, Judge Joseph and this court explained to the plaintiff that there are not enough volunteer lawyers to represent every incarcerated person who asks to

have an attorney appointed. The court agreed to appoint counsel for the plaintiff on November 10, 2021; it took almost a month to find someone willing to assist him. The person who volunteered is an experienced lawyer who has spent considerable time working with the plaintiff and working on the case. He came on board after many events already had occurred—events that he had no part in or control over—including earlier attempts to amend the complaint.

The court suspects that some of the reason for the plaintiff's concern is that at the time he wrote his letter, it had been some five months since the last court hearing. Some of the delays in this case have been because of the court's docket; it has many cases other than the plaintiff's (and at one point, the plaintiff had four cases going at the same time, all before this court). The court wants to act more quickly than often it is able.

The court hopes that the plaintiff and his attorney have worked through any misunderstandings. Although it is difficult, the court encourages the plaintiff to be patient and to try to cooperate with his lawyer. His lawyer chose to accept this case—he was not required to. While not every lawyer is the right fit for every client, the fact that there are disagreements here and there does not mean that the attorney and the client cannot find a way to work together for the client's benefit.

## V. Conclusion

The proposed third amended complaint is timely only against defendant Alicia Sanchez and does not relate back to the original complaint under Federal Rule of Civil Procedure 15(c). It would be futile to allow the amendment because the third amended complaint does not state a claim against Sanchez. It would be improper to allow the plaintiff to amend because the plaintiff

repeatedly failed to cure the deficiencies in his complaint and allowing the amendment would unduly prejudice the defendants.

The court **DENIES** the plaintiff's motion to amend his complaint and file the proposed third amended complaint. Dkt. No. 81. The amended complaint (Dkt. No. 18) remains the operative complaint in this case.

The court will enter a separate order setting deadlines for the parties to file dispositive motions on the merits of the plaintiff's claims.

Dated in Milwaukee, Wisconsin this 11th day of June, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**